United States District Court
for the
Southern District of Florida

| Hernan Sixto Romero, Movant, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Case No. 17-60407-Civ-Scola |
| United States of America, | ) |
| Respondent. | ) |
| | ) |

## Order Adopting Magistrate Judge's Report And Recommendation

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On April 24, 2018, Judge White issued a report, recommending that Movant Hernan Sixto Romero's motion be denied. (R. & R., ECF No. 8.) Romero has filed a document entitled "Informative Motion," which the Court construes as his objections (Objs., ECF No. 9). Having reviewed de novo those portions of Judge White's report to which Romero objects, and having reviewed the remaining parts for clear error, the Court adopts the report and recommendation in its entirety.

In his motion, Romero claims that he was denied effective assistance of counsel with respect to counsel's failure to object to a sentencing enhancement resulting from his criminal history, and that the sentencing enhancement was wrongly applied. (*See* ECF No. 1.) As determined by Judge White, Romero's ineffective assistance of counsel claim should be denied on the merits, and the underlying claim that the sentencing enhancement was wrongly applied should be denied as procedurally barred. Indeed, in his objections, Romero concedes that the "files and records of the case conclusively show that the defendant is not entitled to relief regarding his claim that defense counsel was in[]effective for failing to object [to] the 16-level sentencing enhancement," but Romero further states that "it clearly demonstrates that the defendant's interest[s] w[]ere not on the counsel['s] mind." (ECF No. 9 at 2.) Romero goes on to state that his counsel did not adequately inform him that an enhancement would be applied or advise him of how his plea agreement would ultimately "work out." In addition, Romero contends that even though no one forced him to accept the plea, he is unfamiliar with the process and was therefore in uncomfortable territory.

As such, Romero appears to raise a challenge to the plea process. However, Romero did not make this argument in his initial motion, and the Court need not consider it. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (the District Court has discretion to decline to consider arguments raised for the first time in objections to a magistrate's report and recommendation). Nevertheless, even assuming the argument is proper, Romero's argument is belied by the record, which demonstrates that Romero entered a knowing and voluntary plea. (*See* R. & R. at 5.)

In sum, the Court has considered Judge White's report, Romero's objections, the record, and the relevant legal authorities. The Court finds Judge White's report cogent and compelling. The Court thus **affirms and adopts** Judge White's report and recommendation (**ECF No. 8**). The motion (**ECF No. 1**) is **denied**, and the Court **denies** a certificate of appealability. The Clerk shall **close** this case.

**Done and ordered** at Miami, Florida, on May 31, 2018.

_____
Robert N. Scola, Jr.
United States District Judge